UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-00145 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME** |
| v. | |
| FRANCISCO LEY, | |
| Defendant. | |

Defendant Francisco Ley pled guilty to possessing methamphetamine with the intent to distribute, and judgment was entered on August 31, 2012. In a letter to the Court, defendant explains that he wishes to file a § 2255 petition, but he needs an extension of time because he is in segregation and does not have access to legal materials. The Court DENIES defendant's motion for an extension of time, for the reasons set forth below.

A court cannot provide an extension of time to file a habeas petition before the statute of limitations deadline, 28 U.S.C. § 2255(f). Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Id.* (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)).

There is no concrete dispute for this Court to decide: defendant's request in essence asks the Court to determine in advance whether his petition for writ of habeas corpus will be time-barred if it is

filed at some unspecified date in the future which may or may not be within the one-year period prescribed by 28 U.S.C. § 2255(f). This Court could not grant the requested relief without offending the Constitution's case or controversy requirement.

If and when Ley files a late habeas petition, he may make an argument that the limitations period should be equitably tolled. A prisoner may be entitled to equitable tolling "if (1)[he] has diligently pursued his rights, and (2) extraordinary circumstances exist" that prevented timely filing. *United States v. AguirreGanceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). At that point, and not before then, a court will consider whether the statute of limitations should be tolled.

Ley is reminded that he entered a written plea of guilty in this action, and that in so doing he specifically agreed not to file any collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or § 2251, or a motion under 18 U.S.C. § 3582, at any time in the future, except a claim that his counsel was ineffective in connection with the negotiation of the plea agreement or the entry of the guilty plea.

Accordingly, defendant's request for an extension of time is DENIED. This resolves Docket Nos. 25, 26.

**IT IS SO ORDERED.**

Dated: June 27, 2013

SUSAN ILLSTON
United States District Judge