UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>FRANCISCO LEY,<br>　　　　Defendant. | Case No. 12-cr-00145-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>Re: Dkt. No. 29 |

Now before the Court is defendant Francisco Ley's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On March 1, 2012, the government filed an indictment charging defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. No. 1.

On May 8, 2012, defendant entered into a plea agreement with the government pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), and pled guilty to count one of the indictment, charging him with possession with intent to distribute methamphetamine. The government agreed to dismiss all other counts charged in the indictment. In the agreement, the parties agreed that the evidence would show that, on or about February 16, 2012, defendant possessed 50 grams or more of methamphetamine with the intent to sell it to other persons, and

that defendant possessed a loaded handgun and made credible threats to three women to use violence against them. Dkt. No. 14. In addition, the parties agreed that the government could prove that the total amount of actual methamphetamine in defendant's possession was approximately 125.2 grams. *Id*. The parties agreed that defendant's base offense level was 32; that, after all adjustments were applied, his total offense level was 33; and that defendant could seek a downward variance of 2 levels based on 18 U.S.C. § 3553(a) factors. The U.S. Probation Office agreed with the parties' guidelines calculation, and also concluded that defendant's criminal history category was IV, resulting in a guideline range of 188 to 235 months. The probation officer recommended a sentence at the low end of that guideline range.

At sentencing, the Court adopted the U.S. Probation Office's guidelines calculation. The Court imposed a sentence of 160 months, 28 months below the low end of the guideline range then applicable to defendant's offense. In imposing this sentence, the Court reasoned that defendant had a "difficult upbringing" and noted that "he had not been sentenced to more than five years imprisonment in the past." *See* Dkt. No 38. The parties state that defendant's current release date is September 28, 2023.

On September 22, 2016, defendant moved for a nine month reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G. Dkt. No. 29. On October 3, 2016, U.S. Probation filed a Sentence Reduction Investigation Report that stated defendant was eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782. Dkt. No. 38 at 2. The U.S. Probation Office recalculated defendant's guideline range based on Amendment 782, and found that the new guideline range is 151 to 188 months. *Id*. The U.S. Probation Office recommends granting the motion and reducing defendant's sentence to 151 months. *Id*. The government agrees defendant is eligible for a sentence reduction, but argues that the Court should decline to exercise its discretion to reduce defendant's sentence based on the seriousness of the circumstances surrounding the offense to which defendant pled guilty.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an

1   imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment
2   based on a sentencing range that has subsequently been lowered by the Sentencing Commission.
3   *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013); *see also* 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date defendant was sentenced. 28 U.S.C. §§ 994(o), (u). On November 1, 2014, Amendment 782 to the U.S.S.G. became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); *Dillon*, 560 U.S. at 826-28. This Court must also consider "the nature and seriousness of the danger to any person the community that may be posed by a reduction in the defendant's term of imprisonment . . ." U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(ii).

## DISCUSSION

The parties and the U.S. Probation Office agree that defendant is eligible for a reduction of his sentence, and they agree that the new guideline range is 151 to 188 months. The Probation Office recommends a nine month reduction of defendant's sentence to 151 months, the low end of the newly-calculated range. Defendant agrees. He argues that a reduction to 151 months is appropriate because this Court originally sentenced defendant to a sentence below the guidelines applicable at the time of his offense. Defendant asserts that a sentence at the low end of the amended guideline range would most accurately reflect the Court's reasoning at the time of defendant's original sentencing.

Defendant also asserts that his exemplary post-conviction conduct supports a reduction in his sentence. Defendant states that he has maintained a perfect disciplinary record during his more than four years in custody, and that he has maintained consistent employment and has received good or "outstanding" work reviews as a camp orderly. In addition, defendant has successfully pursued numerous educational and training opportunities while incarcerated. Defendant also argues that his early release poses a minimal risk to public safety, and that his risk of recidivism will not increase if he is released nine months earlier than under his current sentence. Defendant has submitted copies of his prison records reflecting his employment, educational and training classes, and he has submitted letters of support from family and friends. This coming March, defendant will turn 40 years old. His current release date is in September, 2023; he will then be 46 years old.

The government argues that the Court should decline to exercise its discretion to reduce defendant's sentence because of the seriousness of the circumstances surrounding the offense. The government emphasizes the fact that in the statement of facts supporting the plea agreement, defendant agreed that he "made credible threats to three women to use violence against him." Dkt. No. 14. The government dismisses as speculative defendant's assertion that he would pose a minimal risk to public safety, and the government notes that the 160 month sentence that the Court imposed is within the amended guidelines range.

After review of the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as "the nature and seriousness of the danger to any person the community that may be posed by a reduction in the defendant's term of imprisonment," the Court concludes that a nine month reduction in defendant's sentence is appropriate. The Court finds that defendant's post-conviction conduct supports a reduction in his sentence, and the Court encourages defendant to continue with his rehabilitation. The Court also notes that even with a nine month reduction, defendant's 151 month sentence is substantial (12 years, 7 months), and the Court finds that a 151 month sentence sufficiently reflects the gravity of the circumstances surrounding the conviction offense.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to reduce his sentence to 151 months.

**IT IS SO ORDERED**.

Dated: October 17, 2016

SUSAN ILLSTON
United States District Judge